**IN THE UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF ARKANSAS**
**PINE BLUFF DIVISION**

**REGINALD DUNAHUE**                                                                   **PETITIONER**
**ADC #106911**

**VS.**                      **CASE NO.: 5:13CV00391 KGB/BD**

**RAY HOBBS, Director,**
**Arkansas Department of Correction**                                          **RESPONDENT**

**RECOMMENDED DISPOSITION**

**I.**   **Procedure for Filing Objections**

The following Recommended Disposition ("Recommendation") has been sent to United States District Court Judge Kristine G. Baker.  Any party may file written objections to this Recommendation.

Objections must be specific and must include the factual or legal basis for the objection.  An objection to a factual finding must identify the finding of fact believed to be wrong and describe the evidence that supports that belief.

An original and one copy of objections must be received in the office of the United States District Court Clerk within fourteen (14) days of this Recommendation.  A copy will be furnished to the opposing party.

If no objections are filed, Judge Baker can adopt this Recommendation without independently reviewing all of the evidence in the record.  By not objecting, you may also waive any right to appeal questions of fact.

Mail your objections and "Statement of Necessity" to:

> Clerk, United States District Court
> Eastern District of Arkansas
> 600 West Capitol Avenue, Suite A149
> Little Rock, AR 72201-3325

## II.     Background

A Pulaski County, Arkansas jury convicted Petitioner Reginald Dunahue of aggravated robbery and sentenced him to fifty years' imprisonment in the Arkansas Department of Correction ("ADC"). Mr. Dunahue appealed his conviction to the Arkansas Court of Appeals, which affirmed on December 2, 2009. The mandate was issued on January 5, 2010. *Dunahue v. State*, 2009 Ark. App. 810 (2009) (#2 at pp. 37-41[1]).

Mr. Dunahue filed a timely petition for post-conviction relief with the trial court under Rule 37 of the Arkansas Rules of Criminal Procedure. (#2 at pp. 65-72[2]) The trial court denied Rule 37 relief on July 27, 2010. (#2 at pp. 78-80[3])

Mr. Dunahue filed a notice of appeal with the Arkansas Supreme Court to appeal the trial court's denial of Rule 37 relief. (#2 at pp. 86-87[4]) But because Mr. Dunahue

---

[1] Also attached to docket entry #2 in case no. 5:13cv392 at pp. 62-66.

[2] Also attached to docket entry #2 in case no. 5:13cv392 at pp. 82-89.

[3] Also attached to docket entry #2 in case no. 5:13cv392 at pp. 100-102.

[4] Also attached to docket entry #2 in case no. 5:13cv392 at pp. 91-92.

never lodged the record with the Arkansas Supreme Court, his appeal was never perfected. (#2 at pp. 81-83[5])

On December 23, 2013, Mr. Dunahue filed two habeas corpus petitions with this Court. Because both petitions related to the same conviction, the Court consolidated the petitions. (#3) ADC Director Ray Hobbs has responded to the petitions arguing that the claims raised by Mr. Dunahue in his petitions are barred by the statute of limitations. (#7) For the reasons explained below, the Court recommends that both of Mr. Dunahue's Petitions for Writ of Habeas Corpus (docket entry #2 in case no. 5:13cv00391 and docket #2 in case no. 5:13cv00392) be dismissed with prejudice.

### III.     The Statute of Limitations

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), 28 U.S.C. § 2244(d)(1), establishes a one-year limitations period for state prisoners to commence habeas corpus proceedings under 28 U.S.C. § 2254. The statute provides that the limitation period begins to run from, "the date on which the judgement became final by the conclusion of direct review or the expiration of the time limit for seeking such review." 28 U.S.C. § 2244(d)(1)(A). If a petitioner does not pursue direct review in the United States Supreme Court, the judgment becomes final at the expiration of the time to seek review in the Supreme Court– that is, ninety days after the conclusion of the

---

[5]Also attached to docket entry #2 in case no. 5:13cv392 at pp. 67-69.

petitioner's direct appeals in the state system. *King v. Hobbs*, 666 F.3d 1132, 1135 (8th Cir. 2012) (citations omitted).

When a petitioner, such as Mr. Dunahue here, does not seek Arkansas Supreme Court review of the Court of Appeals's decision, the judgment becomes final when the time for seeking review expired. *Gonzales v. Thaler*, ___ U.S. ___, 132 S.Ct. 641, 653–54 (2012). Arkansas Supreme Court Rules 2–3(a) and 2–4(a) require petitioners to file petitions for review or rehearing with the Arkansas Supreme Court within eighteen calendar days of the Court of Appeals's decision. ARK. SUP. CRT. RULES 2-3(a) and 2-4(a). So in this case, the statute of limitations began to run on January 26, 2010, because the last day Mr. Dunahue could have sought review of the Arkansas Court of Appeals's decision with the Arkansas Supreme Court was January 25, 2010.[6] See Rule 1-2 of the RULES OF THE ARK. SUP. CT. AND CT. OF APP. Thus, Mr. Dunahue had until January 26, 2011, to file a petition for writ of habeas corpus, yet he did not file the current petition until December 23, 2013, nearly three years later. Accordingly, Mr. Dunahue's claims are barred unless the statute of limitations can be tolled.

---

[6]Eighteen days after January 5, 2010, fell on Saturday, January 23, 2010. Under Rule 17 of the Arkansas Rules of Appellate Procedure, Criminal, when the last day for taking any action under the Rules of the Supreme Court and Court of Appeals falls on a Saturday, Sunday, or legal holiday, the time for such action shall be extended to the next business day. The next business day would have been Monday, January 25, 2010.

A.   *Statutory Tolling*

Under title 28 U.S.C. § 2244(d)(2), "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this section."

In this case Mr. Dunahue filed a timely petition under Arkansas Rule of Criminal Procedure 37.  The trial court denied his petition on July 27, 2010.  Mr. Dunahue filed a timely notice of appeal, but he did not lodge the record with the Arkansas Supreme Court in order to perfect his appeal.  Accordingly, the statute of limitations was tolled until October 26, 2010, when Mr. Dunahue's time to perfect his appeal expired.  See ARK. R. APP. P. 4(b); see also *Williams v. Bruton*, 299 F.3d 981, 984 (8th Cir. 2002)(limitations period is tolled during the period after which a notice of appeal is filed until the expiration of the time to perfect the appeal has run, even if the petitioner fails to perfect the appeal)(citing *Mills v. Norris*, 187 F.3d 881, 884 (8th Cir. 1999)).

With statutory tolling, Mr. Dunahue's time for filing his habeas petition expired on October 26, 2011.  As noted, Mr. Dunahue did not file his federal habeas petitions until December 23, 2013, more than two years later.

B.   *Equitable Tolling*

The limitations period set forth in 28 U.S.C. § 2244(d)(1) is subject to equitable tolling in appropriate cases.  *Holland v. Florida*, 560 U.S. 631, 130 S. Ct. 2549, 2560

(2010). A petitioner is entitled to equitable tolling, however, only if he shows that he has pursued his rights diligently, but extraordinary circumstances stood in his way and prevented a timely filing. *Id*. at 2562 (quoting *Pace v. Diguglielmo*, 544 U.S. 408, 418 (2005)).

Here, Mr. Dunahue did not file his federal habeas petition until more than two years after the statute of limitations expired. In *Pace*, the United States Supreme Court found that a petitioner was not diligent when he waited five months after the judgment of conviction became final to file his petition. *Pace*, 544 U.S. at 419. In *Nelson v. Norris*, 618 F.3d 886 (8th Cir. 2010), the Court held that a petitioner who delayed filing his habeas petiton for nine months after the Arkansas Supreme Court had denied rehearing was not diligent. *Nelson*, 618 F.3d at 893. Under Eighth Circuit precedent, Mr. Dunahue's delay of more than two years is not considered diligent pursuit of his rights.

Mr. Dunahue claims that ineffective assistance of trial counsel, ineffective assistance of appellate counsel, the lack of appointed counsel during Rule 37 proceedings,[7] and the Pulaski County Circuit Court's refusal to provide him a copy of his trial transcript prevented him from filing his habeas petition in a timely manner. (#2 at pp. 10-11)

---

[7]Because a post-conviction Rule 37 proceeding is a civil matter distinct from the underlying criminal conviction, there is no constitutional right to an attorney in a Rule 37 proceeding. See *Ellis v. State*, 2014 Ark. 24 (2014) (citing *Walton v. State*, 2012 Ark. 269 (per curiam)) (other citations omitted).

Ineffective assistance of counsel, "where it is due to an attorney's negligence or mistake, has not generally been considered an extraordinary circumstance" warranting tolling of the statute of limitations. *U.S. v. Martin*, 408 F.3d 1089 (8th Cir. 2005) (citing *Beery v. Ault*, 312 F.3d 948, 951 (8th Cir. 2002)). The Eighth Circuit has acknowledged, though, that serious attorney misconduct, as opposed to mere negligence, might warrant equitable tolling in cases where the petitioner is claiming gross negligence of counsel retained to file the habeas petition. *Id*. In this case, however, Mr. Dunahue has not alleged that he retained counsel to file a federal habeas petition on his behalf. Accordingly, he has not established the kind of serious attorney misconduct necessary to warrant equitable tolling.

Mr. Dunahue also claims that a lack of access to his trial transcript prevented him from filing a timely habeas petition. The Eighth Circuit has rejected lack of access to a trial transcript, however, as a ground warranting equitable tolling. *Jihad v. Hvass*, 267 F.3d 803, 806-07 (8th Cir. 2001)("lack of access to a trial transcript does not preclude a petitioner from commencing post-conviction proceedings and therefore does not warrant equitable tolling")(citations omitted); see also *Alexander/Ryahim v. Norris*, 5:07CV00222 JLH, 2008 WL 150373 (E.D. Ark. Jan. 11, 2008). The Court characterized the lack of a transcript as one of "the kinds of obstacles faced by many if not most habeas petitioners, and therefore Congress is presumed to have considered such equities in enacting a one-year limitations period." *Id*.

Mr. Dunahue has been aware of his trial and appellate counsels' alleged failures since at least 2009. (#2 at pp. 89-99[8]) Yet he failed to fully exhaust his ineffective-assistance-of-counsel claims with the Arkansas Supreme Court. In spite of the lack of a transcript, based on his knowledge of his case and appeal, Mr. Dunahue could have filed a timely habeas petition that met the pleading requirements. See Rule 2(c) of the Rules Governing § 2254 Cases. (#2 at pp. 89-99)

The Eighth Circuit has held that "[e]ven in the case of an unrepresented prisoner alleging a lack of legal knowledge or legal resources, equitable tolling has not been warranted." *Cross-Bey v. Gammon*, 322 F.3d 1012, 1015-16 (8th Cir. 2003)(citing *Kreutzer v. Bowersox*, 231 F.3d 460, 463 (8th Cir.2000), cert. denied, 534 U.S. 863, 122 S.Ct. 145 (2001)). This Court is bound by precedent to conclude that Mr. Dunahue's lack of diligence in pursuing his claims precludes equitable tolling. *Pace v. Diguglielmo*, 544 U.S. 408, 419, 125 S.Ct. 1807, 1815 (2005)(petitioner's failure to diligently pursue his ineffective assistance of counsel claims precluded the application of equitable tolling).

## IV.  Certificate of Appealability

When entering a final order adverse to a petitioner, the Court must issue or deny a certificate of appealability. See Rule 11 of the Rules Governing Section 2254 Cases in the United States District Court. A certificate of appealability may issue only if Mr. Dunahue has made a substantial showing of the denial of a constitutional right. 28 U.S.C.

---

[8]Also attached to docket entry #2 in case no. 5:13cv392 at pp. 70-81.

§ 2253 (c)(1)-(2). In this case, Mr. Dunahue has not provided a basis for the Court to issue a certificate of appealability.

## V. <u>Conclusion</u>

Mr. Dunahue's claims for habeas relief are barred by the one-year limitations period established by 28 U.S.C. § 2244(d). Accordingly, the Court recommends that Reginald Dunahue's petitions for writ of habeas corpus (docket entry #2 in case no. 5:13cv00391 and docket #2 in case no. 5:13cv00392) be DISMISSED, with prejudice. The Court further recommends that no certificate of appealability be issued.

DATED this 8th day of April, 2014.

_____
UNITED STATES MAGISTRATE JUDGE